## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| **DAVID VAN ELZEN,** individually, and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>*v.*<br><br>**EDUCATOR GROUP PLANS, INSURANCE SERVICES, INC.,** a Texas company,<br><br>*Defendant.* | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## CLASS ACTION COMPLAINT

Plaintiff David Van Elzen ("Van Elzen" or "Plaintiff") brings this Class Action Complaint and Demand for Jury Trial against Defendant Educator Group Plans, Insurance Services, Inc. d/b/a/ Equita Final Expense Services ("EFES" or "Defendant") to stop EFES from violating the Telephone Consumer Protection Act by making unsolicited, prerecorded calls and sending unsolicited, autodialed text messages to consumers, and to obtain injunctive and monetary relief for all persons injured by EFES's conduct. Plaintiff, for his Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

### INTRODUCTION

1.      EFES sells products and services primarily for insurance agents that, among other things, provides insurance agents and other salespeople products to sell and leads to sell them to.[1]

---

[1] https://www.theequitagroup.com/our-story

2.      EFES uses telemarketing in order to market and sell their products and services to insurance agents and other salespeople throughout the U.S.

3.      In order to reach more potential agents, EFES places prerecorded calls and sends autodialed text messages to consumers that have not provided consent to receive such calls or text messages.

4.      In Plaintiff's case, EFES placed more than 5 unsolicited, prerecorded marketing calls, and sent 8 unsolicited, autodialed marketing text messages to his cellular phone, despite Plaintiff having never given EFES consent to contact him.

5.      In response to these calls and text messages, Plaintiff files this lawsuit seeking injunctive relief, requiring Defendant to cease placing unsolicited prerecorded voice calls and sending unsolicited text messages to consumers, as well as an award of statutory damages to the members of the Classes and costs.

## PARTIES

6.      Plaintiff Van Elzen is a Menasha, Wisconsin resident.

7.      Defendant EFES is a Texas company headquartered in Richardson, Texas. Defendant conducts business throughout this District and throughout the United States.

## JURISDICTION AND VENUE

8.      This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

9.      This Court has personal jurisdiction over Defendant and venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant does significant business in this District and the state of Wisconsin, and directed its prerecorded voice calls and text messages to Plaintiff here.

2

## COMMON ALLEGATIONS

### EFES Markets its Services by Placing Prerecorded Voice Calls and Sending Autodialed Text Messages to Consumers' Cellular Phone Numbers Without Consent

10.     As explained by the Federal Communications Commission ("FCC") in its 2012 order, the TCPA requires "*prior express written consent* for all autodialed or prerecorded [solicitation] calls to wireless numbers and residential lines." *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG No. 02-278, FCC 12-21, 27 FCC Rcd. 1830 ¶ 2 (Feb. 15, 2012).

11.     Yet in violation of this rule, Defendant fails to obtain any express written consent prior to placing prerecorded solicitation calls, and sending autodialed text messages to consumers such as Plaintiff.

12.     In placing the calls/texts that form the basis of this Complaint, Defendant utilized an automatic telephone dialing system ("ATDS" or "autodialer") in violation of the TCPA. Specifically, the hardware and software used by Defendant has the capacity to generate and store random numbers, and/or receive and store lists of telephone numbers, and to dial such numbers, *en masse*, in an automated fashion without human intervention.

13.     Not surprisingly, there is a plethora of online complaints about Defendant's prerecorded calls to consumers who never gave consent to be called:

- "just called I am on the do not call – I will have to sue!"[2]
- "robot dialer"[3]
- "robo call offering insurance job"[4]
- "calls cell phone"[5]
- "Company trying to sell licensed insurance agents their services. SCAM."[6]
- "insurance recruiter robo call"[7]

---

[2] https://800notes.com/Phone.aspx/1-813-703-8390

[3] *id*

[4] https://www.shouldianswer.com/phone-number/4405844575

[5] *id*

[6] https://www.whitepages.com/phone/1-972-656-3779

[7] *id*

- "Automated"[8]
- "Recruiting life insur agents.."[9]
- "Unsolicited call"[10]
- "Recorded message for Equitable life insurance final expense products."[11]

14.     EFES owns, operates, and/or utilizes telephone numbers 704-422-8225, 972-656-3779, 440-584-4575 and 813-703-8390. When any of the these phone numbers is called, the same prerecorded message plays identifying the company as EFES.[12]

PLAINTIFF'S ALLEGATIONS

**EFES Called Plaintiff Using a Prerecorded Voice Message and
<u>Sent Him Autodialed Text Messages to His Cell Phone Number</u>**

15.     At the beginning of 2018, Plaintiff started receiving unsolicited prerecorded voice message calls from Defendant promoting EFES's products and services for insurance agents.

16.     The prerecorded voice messages stated: "*You see ads for better commissions and wonder why you don't have them[.] Are you producing 10000 or more in monthly premium and still feel like you can't make ends meet are you trying to offer a 1 size fits all policy to a diverse clientele interested in building a team but only getting empty promises in return what if there was a better way what if agents that used to be in the same spot you were in could help guide your career in helping more seniors spending less money on leads while showing you how to make more money and grow it seem press 1 and a representative will call you shortly press 2 and you'll be removed from this list.*"[13]

---

[8] *id*

[9] *id*

[10] https://www.shouldianswer.com/phone-number/7044228225

[11] *id*

[12] https://powerhrg.com/coverage-area/

[13] Another consumer recorded the prerecorded message they heard when answering a call from EFES. This is the same message that Plaintiff heard.  https://www.nomorobo.com/lookup/440-584-4575.

4

17.      Defendant placed unsolicited prerecorded voice calls to Plaintiff over a period of approximately 6 months using phone numbers 704-422-8225, 972-656-3779, 440-584-4575 and 813-703-8390.

18.      On June 6, 2018, Plaintiff communicated with an agent using the chat option featured on http://www.efesonline.com and made it clear that he wanted the calls to stop. Then, to ensure the calls would stop, Plaintiff sent the following email to the same EFES agent that he chatted with online, making it clear that EFES was not permitted to call his cellular phone number again:



19.    Despite Plaintiff making it clear that he wanted the calls to stop, approximately one month later, Plaintiff received a series of 8 unsolicited autodialed text messages to his cellular phone from Defendant:

i)   July 9, 2018 @ 8:59 AM from 474747 – "David, it's time to talk Medicare. Join us at 10 AM CST for your Monday dose of Medicare with Peter Walker! 206-402-0100, 149036# To op-out of EFES te"

ii)  July 9, 2018 @ 9:00 AM from 474747 – "xt alerts, reply with STOP. If you change your mind and would like to still received EFES text alerts, please text EZJCM34548 to 474-747."

iii) July 9, 2018 @ 9:55 AM from 474747 – "David, it's time to dial in, Medicare Monday is GOING LIVE in 5 minutes! 206-402-0100, 149036# To opt-out of EFES text alerts, reply with STOP. If you"

iv)  July 9, 2018 @ 9:55 AM from 474747 – "change your mind and would like to still received EFES text alerts, please text EZJCM34548 to 474-747."

v)   July 10, 2018 @ 9:00 AM from 474747 – "David, did you know that the more you focus on the value of your product, the less important the price becomes? Join Cole McCoy as he talks "Selling Val""

vi)  July 10, 2018 @ 9:00 AM from 474747 – "ue Over Price". 206-402-0100, 149036# To op-out of EFES tex"

vii) July 10, 2018 @ 9:00 AM from 474747 – "xt alerts, reply with STOP. If you change your mind and would like to still received EFES text alerts, please text EZJCM34548

to 474-747. https://eztxt.s3-us-west-.amazonaws.com/451515/mms/Plug%20and %20Learn%207.10.18_1531229745.png"[14]

viii)    July 10, 2018 @ 9:55 AM from 474747 – "It's time, David! Start dialing…206-402-0100, 149036#"

20.    On July 10th, shortly after receiving the 8th text message, Plaintiff sent "Stop" to 474747. He immediately received confirmation that he was unsubscribed on behalf of EZTexting.

21.    Plaintiff does not have a relationship with EFES or any of its affiliated companies, and has never consented to any contact from Defendant.

22.    Simply put, EFES did not obtain Plaintiff's prior express written consent to place prerecorded solicitation calls, or send autodialed text messages to him on his cellular phone.

23.    The unauthorized calls and text messages made by EFES, as alleged herein, have harmed Plaintiff in the form of annoyance, nuisance, and invasion of privacy, and disturbed Plaintiff's use and enjoyment of his phone, in addition to the wear and tear on the phones' hardware (including the phones' battery) and the consumption of memory on the phone.

---

[14] The link provided in the text message bring up the following image:



24.     Seeking redress for these injuries, Van Elzen, on behalf of himself and Classes of

similarly situated individuals, brings suit under the Telephone Consumer Protection Act, 47

U.S.C. § 227, *et seq.*, which prohibits unsolicited prerecorded voice message calls, and

unsolicited autodialed text messages.

## CLASS ALLEGATIONS

### Class Treatment Is Appropriate for Plaintiff's TCPA Claims Arising From Calls Made by EFES Agents

25.     Plaintiff brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2)

and 23(b)(3) on behalf of the following three Classes:

> **Prerecorded No Consent Class:** All persons in the United States who from four
> years prior to the filing of this action through the present (1) Defendant (or an agent
> acting on behalf of Defendant) called, (2) using a prerecorded voice message, (3)
> without consent.
>
> **Autodialed No Consent Class:** All persons in the United States who from four
> years prior to the filing of this action through the present (1) Defendant (or an agent
> acting on behalf of Defendant) called, (2) on the person's cellular telephone
> number, (3) using an automated telephone dialing system, (4) without consent.
>
> **Autodialed Stop Class**: All persons in the United States who from four years prior
> to the filing of this action through the present (1) Defendant (or an agent acting on
> behalf of Defendant) called, (2) on the person's cellular telephone, (3) using an
> automated telephone dialing system, (4) after the person informed Defendant that
> s/he no longer wished to receive calls from Defendant.

26.     The following individuals are excluded from the Classes: (1) any Judge or

Magistrate presiding over this action and members of their families; (2) Defendant, its

subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents

have a controlling interest and their current or former employees, officers and directors; (3)

Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion

from the Classes; (5) the legal representatives, successors or assigns of any such excluded

persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated

8

and/or released. Plaintiff anticipates the need to amend the Class definitions following appropriate discovery.

27. **Numerosity**: On information and belief, there are hundreds, if not thousands of members of the Classes such that joinder of all members is impracticable.

28. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

> (a) Whether Defendant utilized a prerecorded voice message when making its calls to Plaintiff and the members of the Classes;
>
> (b) whether Defendant utilized an automatic telephone dialing system to send its text messages to Plaintiff and the members of the Classes;
>
> (c) whether Defendant made prerecorded telephone calls and sent autodialed text messages to Plaintiff and members of the Classes without first obtaining prior express written consent to make the calls;
>
> (d) whether Defendant sent autodialed text messages to Plaintiff and members of the Classes after being told to stop calling;
>
> (e) whether Defendant's conduct constitutes a violation of the TCPA; and
>
> (f) whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

29. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Classes, and has retained counsel competent and experienced in class actions. Plaintiff has no interests antagonistic to those of the Classes, and Defendant has no defenses unique to Plaintiff. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Classes, and have the financial resources to do so. Neither Plaintiff nor his counsel has any interest adverse to the Classes.

9

30.     **Appropriateness**: This class action is also appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Classes and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Classes uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Classes as wholes, not on facts or law applicable only to Plaintiffs. Additionally, the damages suffered by individual members of the Classes will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Classes to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

**FIRST CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the Prerecorded No Consent Class)**

31.     Plaintiff repeats and realleges paragraphs 1 through 30 of this Complaint and incorporates them by reference.

32.     Defendant and/or its agents made unsolicited calls to Plaintiff and the other members of the Prerecorded No Consent Class using a prerecorded voice message.

33.     These prerecorded voice message calls were made *en masse* without the consent of Plaintiff and the other members of the Prerecorded No Consent Class to receive such calls.

34.     Defendant has, therefore, violated 47 U.S.C. §§ 227(b)(1)(A) and (B). As a result of Defendant's conduct, Plaintiff and the other members of the Prerecorded No Consent Class

are each entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation.

## SECOND CAUSE OF ACTION
### Telephone Consumer Protection Act
### (Violations of 47 U.S.C. § 227)
### (On Behalf of Plaintiff and the Autodialed No Consent Class)

35.    Plaintiff repeats and realleges paragraphs 1 through 30 of this Complaint and incorporates them by reference.

36.    Defendant and/or its agents made unwanted calls to cellular telephone numbers belonging to Plaintiff and the other members of the Autodialed No Consent Class using an autodialer.

37.    These calls were made *en masse* without the consent of Plaintiff and the other members of the Autodialed No Consent Class to receive such calls.

38.    Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant's conduct, Plaintiff and the other members of the Autodialed No Consent Class are each entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation.

## THIRD CAUSE OF ACTION
### Telephone Consumer Protection Act
### (Violation of 47 U.S.C. § 227)
### (On Behalf of Plaintiff and the Autodialed Stop Class)

39.    Plaintiff repeats and realleges paragraphs 1 through 30 of this Complaint and incorporates them by reference.

40.    Defendant and/or its agents made unwanted calls *en masse* to cellular telephone numbers belonging to Plaintiff and the other members of the Autodialed Stop Call Class after being told to stop calling/texting.

41.    Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant's conduct, Plaintiff and the other members of the Autodialed Stop Call Class are each entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Van Elzen, individually and on behalf of the Classes, prays for the following relief:

a) An order certifying the Classes as defined above; appointing Plaintiff as the representative of the Classes; and appointing his attorneys as Class Counsel;

b) An award of actual and/or statutory damages;

c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

d) An injunction requiring Defendant to cease all unsolicited calling activity, and to otherwise protect the interests of the Classes; and

e) Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff requests a jury trial.

Respectfully Submitted,

**DAVID VAN ELZEN**, individually and on behalf of those similarly situated individuals

Dated: September 5, 2018

By: _/s/ Stefan Coleman_

Stefan Coleman
law@stefancoleman.com
LAW OFFICES OF STEFAN COLEMAN, P.A.
201 S. Biscayne Blvd, 28th Floor
Miami, Fl 33131
Telephone: (877) 333-9427
Facsimile: (888) 498-8946

Avi R. Kaufman*
kaufman@kaufmanpa.com
KAUFMAN P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881

12

*Attorneys for Plaintiff and the putative Classes*

*\*Pro Hac Vice motion forthcoming*